IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEANON O. JACKSON | ) | CASE NO. 1:10CV1651 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| JAMES L. KIMBLER, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Keanon O. Jackson filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Medina County, Ohio Common Pleas Court Judge James L. Kimbler, Medina County Prosecutor Dean Holman and Attorney Marcus S. Sidoti. On May 18, 2010, he pled guilty to possession of marijuana and possession of mdma in violation of R.C. 2925.11(A)(C) and 2941.1417 and was sentences to a term of imprisonment of 6 months on the first count and two years on count two to run concurrently. *State of Ohio v. Jackson*, Case No. O9CR0134. He alleges that his conviction is void for lack of jurisdiction, the indictment was the result of an illegal search and his attorney's performance was ineffective. Plaintiff requests compensatory damages in the amount of $300,000.00 and $5,000,000.00 in punitive damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The allegations set forth in the complaint clearly challenge the validity of plaintiff's conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.

The present case is clearly an instance where a court decision would express an opinion as to the validity of plaintiff's conviction, as any opinion by this court on the issues he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

Judge Kimbler is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Kimbler acted outside the scope of his official duties. Judge Kimbler definitely acted within the scope of his official duties in presiding over Plaintiff's court case.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy- whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor Holman acted outside of the scope of his responsibilities.

The claim that Plaintiff's attorney was effective is not a matter for this court.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: September 24, 2010             *s/     James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE